**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 05-21168-Civ-JORDAN/TORRES

FRASER YACHTS FLORIDA, INC.,

      Plaintiff,

vs.

BRUCE MILNE,

      Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION FOR DISMISSAL OR OTHER SANCTIONS BASED ON NONCOMPLIANCE WITH COURT ORDERS**

This matter is before the Court on Defendant's Motion for Dismissal or Other Sanctions Based on Noncompliance with Court Orders [D.E. 43]. The Court has reviewed the motion, response, reply and is otherwise advised in the premises. The motion is now ripe for disposition.

### *I. BACKGROUND*

Defendant's motion raises three issues: the inadequacy of the designated corporate representative, an alleged misrepresentation regarding David Roscow, a prospective deponent, and Plaintiff's failure to provide mediation dates. The Court will summarize the parties' arguments with respect to each of the three issues and address each one in order.

First, Defendant states that Plaintiff's designated corporate representative, Frank Brand, claimed at deposition that he had no knowledge of the subject matter of the present lawsuit. Defendant notes that this is the same corporate representative that gave sworn answers to interrogatories in this case. Mr. Brand also stated at the deposition

that he believed his superior, Carlo Agliardi, might have additional information because David Roscow formerly reported to him. Defendants demanded at Mr. Brand's deposition that Mr. Agliardi be produced immediately, but Plaintiff has not responded to that demand.

Second, Defendant contends that Plaintiff misled Defendant and the Court by not disclosing David Roscow's interest and involvement in the case. Defendant argues that Roscow is the functional equivalent of a plaintiff in this case because he disclosed at his deposition that he is entitled to recover 25% of whatever Fraser Yachts Florida, Inc. recovers and is obligated to pay 25% of the fees and costs of the litigation.

Last, Defendant brings to the Court's attention that he has been unable to obtain mediation dates from Plaintiff since the Court's Order granting an extension of the mediation date to December 1, 2006.

Plaintiff counters that Mr. Brand did not have any personal knowledge of the transaction, but that he used the corporate agents (its attorneys) to secure and answer the interrogatories so that Plaintiff could comply with the interrogatories and provide detailed answers as a corporate entity. Plaintiff also asserts that Defendant was aware that Mr. Roscow was the person with the most knowledge of the transaction and that he had a potential stake in the litigation. Defendant was also made aware that Mr. Roscow no longer worked for Plaintiff so he could not be designated as the corporation's representative for purposes of Rule 30(b)(6). Mr. Roscow did make himself available for deposition and was deposed by Defendant in connection with this matter. Plaintiff also states that Mr. Agliardi does not work for Plaintiff, but rather works for a separate Fraser entity in Monaco. It further notes that Defendant never noticed Mr. Agliardi for deposition or attempted to serve him with a subpoena for deposition. Last, Plaintiff

states that mediation is being scheduled for next week.

## II.   ANALYSIS

First, Mr. Brand's deposition testimony fell short of the requirements set forth in Rule 30(b)(6). Rule 30(b)(6) provides:

> [A] party may . . . name as the deponent . . . a . . . corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters known or reasonably available to the organization.

Therefore, upon receipt of the notice, the corporation "'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.,* 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (citations omitted); *see also Gucci America, Inc. v. Costco Cos. Inc.,* 2000 WL 60209, at *3 (S.D.N.Y. Jan. 24, 2000); *Starlight Int'l, Inc. v. Herlihy,* 186 F.R.D. 626, 639 (D. Kan. 1999). If Plaintiff was going to designate Mr. Brand as the corporate representative, then it had an obligation to ensure that Mr. Brand familiarized himself with the subject matter of this case by reviewing relevant documents and depositions and talking to those who know the facts.

On the other hand, the corporation's obligation under Rule 30(b)(6) does not mean that the witness can *never* answer that the corporation lacks knowledge of a certain fact. The absence of knowledge is, by itself, a fact that may be relevant to the issues in a given case. And, there is nothing in the Rule that prohibits a corporation from adopting the

testimony or position taken by other witnesses in a case. That is indeed the essence of a corporation's obligation to provide its interpretation of documents and events, after having learned of other persons' account of events either by interviewing those persons or reviewing their deposition testimony. *See, e.g., United States v. Tayulor,* 166 F.R.D. at 362 ("The Court agrees with the Plaintiff that UCC must prepare deponents by them having review prior fact witness deposition testimony as well as document and deposition exhibits. In this manner, UCC can state its corporate position at the Rule 30(b)(6) deposition with regard to the prior deposition testimony.").

Second, Defendant argues that Mr. Agliardi is one of Plaintiff's officers, so he should have appeared as the corporate representative. The Court finds that this is true based on the public records of the Florida Department of State, Division of Corporations. As such, Mr. Agliardi could have been noticed for deposition as one of Plaintiff's officers under Rule 30(a). When a person is an officer of a corporation, they may be deposed under Rule 30(a) and such a deposition would be the functional equivalent of a Rule 30(b)(6) deposition. When a party notices a Rule 30(b)(6) deposition, however, it leaves to the corporation's discretion who it chooses to be its representative. Rule 30(b)(6) states: ". . . the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . ." Plaintiff is not obligated to designate Mr. Agliardi as the corporate representative if it wants Mr. Brand to fill that role, so long as Mr. Brand can testify as to the knowledge the corporation possesses through Mr. Agliardi, Mr. Roscow, and any other agent or employee known to the corporation. Given that the trial in this case is scheduled for May 14, 2007, however, it is too late for Defendant to attempt to depose Mr. Agliardi. Furthermore, the discovery cutoff in this case was November 17, 2006. Defendant can,

however, seek to redepose the 30(b)(6) representative.

Third, Defendant argues that David Roscow is the functional equivalent of a plaintiff in this case because he has a financial interest in the litigation. This is incorrect. Mr. Roscow's 25% interest in the outcome of the litigation and obligation to pay 25% of the costs of the case do not make him an undisclosed plaintiff. Furthermore, because Mr. Roscow no longer works for Plaintiff, Plaintiff cannot force him to attend a deposition or to act as the corporation's representative. Nevertheless, Mr. Roscow voluntarily appeared at deposition; therefore, Defendant cannot claim any prejudice based on his failure to testify.

Last, Plaintiff represents in its response that "[m]ediation is being scheduled for next week." A review of the record shows that the parties already mediated on March 20, 2007.

### III.    CONCLUSION

Although it appears that Plaintiff violated Rule 30(b)(6), its conduct is not sufficiently egregious to warrant the draconian sanction of dismissal. "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). The Court finds that a lesser sanction would suffice to correct any prejudice caused to the Defendant by Plaintiff's actions. *Id.* (to enter Rule 41(b) sanctions, there must be a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."). Should Plaintiff fail to comply with this Court's Order, however, Defendant may file a renewed motion for dismissal based on Plaintiff's noncompliance with this Court's Orders.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion for

Dismissal or Other Sanctions Based Upon Noncompliance With Court Orders [D.E. 43] is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff shall make Mr. Brand available for deposition by April 27, 2007.  Mr. Brand shall be prepared to answer questions at the deposition to the same extent that he provided answers to Defendant's Interrogatories, plus he must familiarize himself with the knowledge the corporation possesses through Mr. Agliardi, Mr. Roscow, and any other agent or employee known to the corporation.  As Plaintiff caused the need for the second deposition by failing to adequately prepare Mr. Brand for the first one, it shall bear the costs of the deposition.

    **DONE** and **ORDERED** in Chambers, at Miami, Florida this 13th day of April 2007.

    /s Edwin G. Torres
    EDWIN G. TORRES
    United States Magistrate Judge

cc:
Honorable Adalberto Jordan
All counsel of record